**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**VICKIE BRYANT**                                                                    **PLAINTIFF**

**v.**                                                                    **CIVIL ACTION NO. 3:19-CV-82-DAS**

**COMMISSIONER OF SOCIAL SECURITY**                                    **DEFENDANT**

**ORDER GRANTING PAYMENT
OF ATTORNEY'S FEES AND EXPENSES**

Vickie Bryant filed this civil action on April 5, 2019, to appeal the Commissioner's denial of disability benefits. Docket 1. This court entered an Order remanding this case to the Social Security Administration on November 19, 2019. Docket 19. On December 4, 2019, this court granted the plaintiff an award of attorney's fees totaling $4,891.93 under the Equal Access to Justice Act (EAJA) for 24.57 hours of attorney time. Docket 22.

On February 12, 2021, counsel for the plaintiff filed a motion for attorney's fees under 42 U.S.C. § 406(b)(1). Docket 23. Counsel reports that the plaintiff was successful on remand in obtaining an award of past-due benefits and seeks an award of attorney's fees for services performed in Federal District Court in the amount of $9,923.63. *Id.*

The Agency withheld a total of $15,923.63, twenty-five percent (25%) of the total of the plaintiff's past-due benefits, to pay her representative. *Id.* Counsel explains the $9,923.63 requested in the instant motion constitutes 25% of the plaintiff's past-due disability benefits that have been withheld by the agency to pay representation fees, minus the $6,000.00 awarded at the administrative level. Counsel states the previously awarded EAJA fee of $4,891.93 was set aside for a tax levy with the International Revenue Service for a debt the plaintiff owed. *Id.* at 2, 6.

In its response, the Commissioner declines to assert a position on the appropriateness or reasonableness of counsel's motion for fees and instead describes the relevant legal standards

under which such a request is evaluated. Docket 24. However, when noting the resulting hourly rate, the defendant states that it "would not characterize this rate as objectionable." *Id*.

Under § 406(b), when a court "renders a judgment favorable to a claimant ... who was represented before the court by an attorney," the court may award "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." *Culbertson v. Berryhill*, 139 S. Ct. 517, 522, 202 L. Ed. 2d 469 (2019) (quoting 42 U.S.C. § 406(b)(1)(A)).[1] "A contingency fee agreement to pay twenty-five percent of any past-due benefits awarded may set the amount of the Section 406(b) award so long as the amount is reasonable under the facts of the case." *Bays v. Comm'r of Soc. Sec.*, No. 3:15CV00053-JMV, 2017 WL 6499248, at *1 (N.D. Miss. Dec. 19, 2017) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 807-08 (2002)).[2] Fees under both § 406(b) and the EAJA are recoverable, however, the attorney must refund the lesser fee to the claimant. *Id*.

While § 406(b) does not contain a specific time period for the filing of a request for attorney's fees, Federal Rule of Civil Procedure 54(d)(2) requires that the motion be filed "no later than 14 days after entry of judgment." *Pierce v. Barnhart*, 440 F.3d 657, 663 (5th Cir. 2006). It is within the court's discretion to expand the deadline beyond 14 days; therefore, even

---

[1] "[T]he 25% cap applies only to fees for representation before the court, not the agency." *Culbertson v. Berryhill*, 139 S. Ct. 517, 522, 202 L. Ed. 2d 469 (2019).

[2] In *Gisbrecht*, the Supreme court noted:

> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved. If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order. In this regard, the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases.

*Id*. at 807-08, 122 S. Ct. at 1828, 152 L.Ed.2d 996 (internal citations and footnotes omitted).

if a request is made more than 14 days after the district court's order granting remand, a motion

for attorney's fees can be timely when filed after the Agency awards benefits to the claimant on

remand. *Tate v. Colvin*, No. 3:13CV904-DPJ-FKB, 2016 WL 744474, at *2 (S.D. Miss. Feb. 23,

2016) (citing *Pierce v. Barnhart*, 440 F.3d at 664). The instant motion was filed on February 12,

2021, less than one month after the SSA advised counsel and Ms. Bryant as to the amount of

benefits she would be receiving. Docket 23 at 8. The court therefore finds that counsel's request

for fees was made within a reasonable time.

Finding that an award of fees is appropriate, the court now turns to whether the amount

requested is proper. Section 406(b) instructs courts to evaluate the reasonableness of fees yielded

by attorney-client contingent-fee agreements, acting as an "independent check" on § 406(b)

requests to assure that they satisfy the statutory requirement of yielding a "reasonable result" in

particular cases. *Gisbrecht v. Barnhart*, 535 U.S. at 807-09. Counsel's request for a total of

$9,923.63 from fees withheld from the Agency from the plaintiff's past-due benefits would result

in an effective rate of $269.58 per hour for the 24.57 hours of reasonable work expended by

counsel before this court.

Following analysis in *Bays v. Commissioner*, the court evaluates the following factors in

determining whether this fee is reasonable. *Bays v. Comm'r of Soc. Sec.*, 2017 WL 6499248

(N.D. Miss. Dec. 19, 2017). The court first considers that counsel has presented a contingency-

fee agreement signed by the plaintiff, wherein the plaintiff acknowledges that her attorney will

seek payment of attorney fees from past-due benefits awarded for representing her in federal

court. Second, the court notes that counsel successfully argued the plaintiff's case before this

court and on remand before the Agency. Third, the Fifth Circuit and district courts in this Circuit

have acknowledged the high risk of loss inherent in Social Security appeals. *Id*. at *2 (citing

*Jeter v. Astrue*, 622 F.3d 371, 379 & n. 9 (5th Cir. 2010)). Fourth, the plaintiff's counsel is an experienced Social Security attorney and there is no indication of undue delay in the record on his part. Finally, the § 406(b) fee requested amounts to approximately 6.4% of the plaintiff's past-due benefits. This amount is within the statutory limit imposed by § 406(b)(1)(A).

Plaintiff's counsel is due to receive $9,923.63, as bargained for in the employment contract. For the foregoing reasons, the plaintiff's Motion for Award of Attorney Fees under 42 U.S.C.§ 406(b)(1) is **GRANTED.** Plaintiff's counsel is awarded $9,923.63, which is to be paid from the plaintiff's past-due benefits withheld by the Agency. The remaining balance of the plaintiff's past-due benefits withheld by the Agency shall be paid to the plaintiff.

**SO ORDERED**, this the 2nd day of March, 2021.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE